**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**GEOR'BARRI WELLS** **PETITIONER**

**v.** **No. 4:25CV196-MPM-JMV**

**WARDEN BRADY SISTRUNK** **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Geor'Barri Wells for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Wells has not responded to the petition; the time to do so has expired, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as untimely filed.

**Facts and Procedural Posture[1]**

Geor'Barri Wells is currently in the custody of the Mississippi Department of Corrections (MDOC) and housed at the Winston County Correctional Facility. In his petition, Wells challenges his convictions in the Washington County Circuit Court for second-degree murder and aggravated assault and his resulting twenty-five-year sentence. Doc. 1. However, as discussed below, Wells' federal petition for writ of *habeas corpus* is untimely filed and must be dismissed with prejudice. *See* 28 U.S.C. § 2244(d).

**Procedural History**

**Convictions and Sentences**

In October 2021, Wells was convicted in the Washington County Circuit Court for second-degree murder and aggravated assault. *See* Doc. 9-4 at 18–19; Doc. 9-13 at 57–64 (SCR,

[1] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

Vol. 4 at 467–68; Vol. 13 at 1106–13). The trial court sentenced Wells to serve a term of twenty-five years in MDOC custody—thirty years for second-degree murder, with five years suspended, and a concurrent twenty-year term for aggravated assault. *See* **Exhibit A**; *see also* Doc. 9-4 at 21–23; Doc. 9-13 at 65–71 (SCR, Vol. 4 at 470–72; Vol. 13 at 1114–20).

**Direct Appeal**

Wells, through counsel, appealed his convictions and sentences to the Mississippi Supreme Court. His counsel presented two issues for the appellate court's review: (1) "The trial court erred in limiting cross-examination and excluding evidence that would have developed Wells's theory of the case"; and (2) "The trial court erred in denying Wells's motion for new trial based on evidence that a juror in the case was unable to hear or understand the proceedings and was confused during deliberations." Doc. 9-17 at 1–21 (SCR, Brief of Appellant).

On May 2, 2023, the Mississippi Court of Appeals affirmed Wells' convictions and sentences. *See* **Exhibit B** (*Wells v. State*, 374 So. 3d 1247 (Miss. Ct. App. 2023), *reh'g denied,* Sept. 12, 2023 (Cause No. 2022-KA-00157)); *see also* Doc. 9-14 at 8, 11–24 (SCR, Case Folder). The Mississippi Supreme Court denied his petition for certiorari review on November 30, 2023. *See* **Exhibit C**; *see also* Doc. 9-15 at 2 (SCR, Certiorari Folder).

**Wells Did Not Initiate State Post-Conviction Proceedings**

Wells admits in his petition that he has not filed any motions for post-conviction relief in the state's highest court. Doc. 1. The online records of the Mississippi Supreme Court confirm that Wells has not filed any motions for post-conviction relief in that court challenging his convictions and sentences at issue in the instant petition.

**Federal *Habeas Corpus* Proceedings**

Wells signed his federal petition for writ of *habeas corpus* on October 25, 2025; it was filed in this court on November 4, 2025. Doc. 1. He raises four grounds for relief:

**Ground One**: Unreasonable search and seizure, 4th Amendment, Article 3, Section 23. The trial court was without jurisdiction to impose the sentence received, the statute under which the conviction and sentence was obtained is unconstitutional.

**Ground Two**: Self-incrimination, 5th Amendment, Article 3. There exists evidence of material fact, not previously presented and heard that requires vacation of the sentence in the interest of justice.

**Ground Three**: Due process, 5th Amendment, Article 3, Section 14. That the plea was made involuntarily, nor be deprived of life and liberty or property without due process of law, nor shall private property be taken for public use without just compensation.

**Ground Four**: Trial by jury, 6th Amendment, Article 3, Section 25. Confront witnesses, 6th Amendment. Article 3, Section 26. That you are entitled to an out-of-time appeal, that the conviction or sentence is otherwise subject to collateral attack; and that there exists biological evidence secured in relation to the prosecutor that was not tested, or if previously tested would demonstrated a reasonable probability defendant would have received lesser sentence or not convicted.

Doc. 1 at 5–10.

As to the timeliness of his petition, Wells alleges that "when a constitutional right [has] been violated, timeliness of petition [does] not apply to this *habeas* petition." Doc. 1 at 13. Wells seeks "to be release[d] from this unlawful i[m]prisonment or confinement." Doc. 1 at 15.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Thus, unless the exceptions of § 2244(d)(1)(B-D) apply, under the Antiterrorism and Effective Death Penalty Act (AEDPA), the petitioner must file his *habeas corpus* petition within one year of the date his judgment of conviction becomes final – subject to tolling while a properly filed motion for post-conviction collateral relief is pending in state court.[2] As discussed below, he has not done so, and the instant petition for writ of *habeas corpus* must be dismissed for that reason.

**Wells' Convictions Became Final on February 28, 2024**

The Mississippi Court of Appeals affirmed Wells' convictions and sentences on May 2, 2023, and denied his motion for rehearing on September 12, 2023. *See* **Exhibit B**; *see also* Doc. 9-14 at 8, 11–24 (SCR, Case Folder). On November 30, 2023, the Mississippi Supreme Court denied Wells' petition for certiorari review. *See* **Exhibit C**; *see also* Doc. 9-15 at 2 (SCR, Certiorari Folder).

[2] The exceptions of § 2244(d)(1)(B–D) do not apply in the present case. There was no impediment to filing under § 2244(d)(1)(B), nor has the petitioner identified a newly recognized constitutional right made retroactive on collateral review or alleged the existence of a factual predicate to impact the limitations period under § 2244(d)(1)(C)–(D). Though Wells makes the bare statement in Ground Two that he has evidence of a "material fact not previously presented," he alleged no facts or argument in support of his assertion, and the record reveals none. Doc. 1 at 7.

Wells' conviction became final under the AEDPA ninety days later on February 28, 2024, when the time expired for seeking review in the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (when a petitioner fails to seek certiorari review in the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in the state court, expires"); s*ee also* 28 U.S.C. § 2101.[3]

Wells had one year from February 28, 2024–until February 28, 2025–to timely file his federal petition in this court, absent statutory or equitable tolling. As explained below, however, Wells enjoys neither form of tolling based on the record and facts in his case; hence, Wells' federal petition for writ of *habeas corpus* is untimely.[4] *See* 28 U.S.C. § 2244(d).

**Statutory Tolling Does Not Apply**

Wells concedes that he did not seek post-conviction relief in the Mississippi Supreme Court prior to filing his federal *habeas corpus* petition. Doc. 1. As such, he does not benefit from statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2). *See Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (petitioner was not entitled to statutory tolling because "he never 'properly filed' a state *habeas* application during the limitations period"); *see also Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (an "expired limitations period cannot be revived by filing a state *habeas* petition"). For these reasons, the instant petition for writ of *habeas corpus* remained due in this court by February 28, 2025, absent equitable tolling.

**Equitable Tolling Does Not Apply**

Neither does the petitioner enjoy equitable tolling of the limitations period. "The

---

[3] The electronic docket on the Supreme Court's official website revealed no record of a petition for certiorari review filed by Wells or on his behalf.

[4] Wells has not alleged that he is actually innocent of the crime of his conviction; as such, the actual innocence exception does not apply.

doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d) is not jurisdictional; thus, it is subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645–46 (2010), *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). To meet his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed. 2d 924 (2007) (applied in the context of the one-year limitations period under 28 U.S.C. § 2255). The petitioner need only show "reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010) (internal citations and quotations omitted). A petitioner's delay of four months can show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Further, "ignorance of the law is [not] sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (internal quotation and citation omitted); *see also Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000); *Fisher*, 174 F.3d at 713–14; *Alexander*, 294 F.3d at 629. Likewise, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable time period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

A *pro se* prisoner's limited access to outside information does not constitute a "rare and exceptional" circumstance to excuse untimely filing. *Fisher*, 174 F.3d at 713–14 (holding that the miscalculation of a *habeas corpus* limitations period, even by a *pro se* petitioner, is not grounds for equitable tolling and rejecting petitioner's claim that his confinement limited his ability to pursue his rights diligently because "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information"). Nor is proceeding *pro se* on federal *habeas corpus* review a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder*, 204 F.3d at 170.

Wells argues that his federal *habeas corpus* petition is timely because he alleges the violation of a constitutional right, and, he states that such a claim is not subject to the AEDPA's one-year limitations period. Doc. 1 at 14–15. He is, however, mistaken, as there is no "fundamental rights exception" to the limitations period. *See Williams v. Shaw*, No. 3:20CV778-DPJ-LGI, 2021 WL 3722337, at *2 (S.D. Miss. Aug. 23, 2021) ( "[petitioner's] claims are barred by AEDPA and not the UPPCRA, a Mississippi statute[,]" and the "AEDPA has no exception for constitutional claims and expressly precludes them if they are filed too late"); *see also Wilson v. Cain*, No. 5:22CV69-DCB-BWR, 2023 WL 5803702, at *3 (S.D. Miss. Sept. 7, 2023) ("[D]istrict courts in Mississippi consistently have held that a petitioner's claim of an illegal sentence is not grounds for equitable tolling of the statute of limitations"). For these reasons,

Wells' allegation of a constitutional violation does not constitute a "rare and exceptional" circumstance sufficient to warrant equitable tolling.

Nor was Wells diligent in pursuing his rights in this case. The Mississippi Supreme Court denied certiorari review during Wells' direct appeal in November 2023. He did not seek post-conviction review of his convictions and sentences in the state's highest court – then waited nearly two years after the state court's direct appeal decision—until October 25, 2025—to file his federal petition for writ of *habeas corpus*. As Wells did not diligently seek to vindicate his rights, equitable tolling does not apply, and his petition remained due by February 28, 2025.

**Timeliness Calculation**

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, his federal petition was filed sometime between the date it was signed on October 25, 2025, and the date it was received and stamped as "filed" in the district court on November 4, 2025. Wells' petition was thus filed some eight months after the February 28, 2025, deadline. As discussed, he enjoys neither statutory nor equitable tolling to extend the *habeas corpus* filing deadline. For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 15th day of September, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI